MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

THOMAS MOORE (ALBN 4305-O78T)
Assistant United States Attorney
Chief, Tax Divsion
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7017
    FAX: (415) 436-7009

Attorneys for United States of America

**FILED**
JUL 17 2014
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>FRANCISCO R. LEGASPI,<br><br>    Defendant. | No. CR 92-0394 WHO<br><br>STIPULATION TO CONSOLIDATE FOR SENTENCING AND [proposed] ORDER THEREON |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>FRANCISCO R. LEGASPI,<br><br>    Defendant. | No. CR 93-0096 WHO |

    It is hereby stipulated by Plaintiff, the United States of America, and Defendant, Francisco R. Legaspi, through his respective counsel, that the above described cases be consolidated for sentencing for the reason that one sentencing of both matters is likely to conserve judicial resources and promote an efficient determination of these matters, as described below.

    On August 19, 1992, Defendant was indicted on three counts of Aiding and Assisting in the Preparation and Presentation of False Tax Returns. See <u>United States v. Francisco R. Legaspi</u>, No. CR-

1  92-0394. On November 5, 1992, pursuant to a plea agreement, Defendant pled guilty to one count of
2  preparing a false tax return under 26 U.S.C. § 7206(2). Rather than appear in court on January 28, 1993
3  for sentencing however, Defendant fled from the United States to Mexico and later to Canada to avoid
4  prison for his crime. As a result, on February 24, 1993, Defendant was indicted for failing to appear to
5  his January 28, 1993 sentencing hearing. See United States v. Francisco R. Legaspi, No. CR-93-0096.

6  The United States Sentencing Guidelines ("U.S.S.G.") instruct that a conviction for failure to
7  appear and a conviction on the underlying offense must be grouped together for sentencing purposes.
8  U.S.S.G § 2J1.6, comment. (n. 3). The offense level for that group of closely-related counts will be the
9  offense level for the underlying offense increased by the two level adjustment ..., or the offense level for
10 the obstruction offense, whichever is greater. U.S.S.G. § 3C1.1, comment. (n. 6). These "grouping" rules
11 apply even in cases, like this one, where the defendant might be sentenced at different times for the two
12 separate crimes. Where the sentences are not imposed at the same time, the goal is to arrive at an
13 appropriate incremental punishment for the latter offense "that most nearly approximates the sentence
14 that would have been imposed had all the sentences been imposed at the same time." See U.S.S.G. §
15 5G1.3(c), comment. (n. 3). United States v. Jernigan, 60 F.3d 562, 564 (9th Cir. 1995).

16 Reiterating the 9th Circuit's view in Jernigan, the 10th Circuit in United States v. Gigley asserted
17 that "when a defendant is convicted of both the failure to appear and the underlying offense, the failure
18 to appear offense is [combined with the underlying offense and] treated as an obstruction of the
19 underlying offense under U.S.S.G. § 3C1.1." United States v. Gigley, 213 F.3d 503, 505 (10th Cir.
20 2000). The offense level for the underlying offense is then increased by the two-level adjustment for
21 obstruction of justice. United States v. Jernigan, 60 F.3d at 564. Once the combined offense level is
22 determined, "the district court should then find the sentencing range for the combined offense level and
23 select a total punishment within that range. The sentences for Defendant's [underlying] offense and
24 failure to appear offense are to run consecutively and add up to the total punishment. United States v.
25 Gigley, 213 F.3d at 507.

26 Thus, for example, "where the combined applicable guideline range for both counts [the
27 underlying offense and the failure to appear offense] is 30-37 months and the court determines a 'total
28 punishment' of 36 months is appropriate, a sentence of thirty months for the underlying offense plus a

consecutive six months for the failure to appear count would satisfy these requirements." *Id*. at 507.

Here, the Defendant pleaded guilty to the underlying offense on November 5, 1992, and it is anticipated that he will also plead guilty to the Failure to Appear Indictment in the near future. Accordingly, this case should be consolidated for sentencing to facilitate a sentence consistent with the holdings in the Jernigan and Gigley cases cited above. To achieve that end the parties intend to recommend that the consolidated sentence be calculated pursuant to U.S.S.G. § 2J1.6 as follows:

a) Underlying Offense Level (26. U.S.C. § 7206(2)), pursuant to prior plea agreement without reduction under U.S.S.G. §3E1.1 for acceptance of responsibility;   13

b) Adjustments, U.S.S.G. §3C1.1:   +2

c) Combined Offense Level, U.S.S.G. §2J1.6 comment (n.3), §3D1.2(c), §3D1.3(a)   15

Thus, assuming a the Defendant's Criminal History is Category I, the parties will recommend a "total punishment" of 21 months imprisonment (15 months for the underlying offense to be followed by 6 months for the failure to appear offense), which is midrange sentence at level 15 on the U.S.S.G. Chapter 5 Part A – Sentencing Table.

## CONCLUSION

It is in the best interests of the Court and the parties that the above captioned cases be consolidated for sentencing to conserve judicial resources and promote an efficient determination of these matters.

Respectfully submitted,

MELINDA HAAG
United States Attorney

_____   _____
Lupe Martinez   7-16-2014   Thomas Moore
Attorney for Defendant   Assistant United States Attorney
Francisco R. Legaspi   Chief, Tax Division

PURSUANT TO THE STIPULATION, IT IS SO ORDERED.

Dated: 7-17-2014   _____
UNITED STATES DISTRICT JUDGE